DAY-EVANS IRON WORKS *v.* LOUISVILLE & NASHVILLE R. R. Co.

(*Knoxville*. September Term, 1930.)

Opinion filed November 28, 1930. Petition to rehear denied January 17, 1931.

S. E. N. MOORE, FLOYD M. BROWN and A. E. MITCHELL, for complainant, appellant.

JAS. B. WRIGHT and JOHNSON & COX, for defendant, appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill in its entirety is as follows:

## I.

"That the complainant is a corporation with its principal office and place of business in Knoxville, Knox County, Tennessee, engaged in the manufacture of mining machinery and equipment, and that the defendant is a common carrier operating a railroad system through and across Tennessee, and adjoining states with a line ex-

tending from Knoxville southwardly toward Atlanta, Georgia.

## II.

"That the complainant now is and for many years has been the owner of certain property situated on the southern side of the Maryville Pike in Knox County, Tennessee, and that said Maryville Pike extended southwardly beyond complainant's property and northwardly from complainant's property toward the City of Knoxville, passing under the tracks of the defendant Company at an underpass upwards of one mile south and west of the City limits of Knoxville, Tennessee, which is near complainant's said property.

## III.

"Complainant further shows to the Court that said highway has for a great number of years been used by the public as a public highway; that it was and is one of the main thoroughfares leading out of the City of Knoxville and has been kept and maintained for many years as a public highway.

"Complainant acquired its said property on said highway because of the proximity thereto and the accessibility thereby gained to the City of Knoxville and complainant has used together with others said highway for many years.

## IV.

"Complainant further shows to the Court that notwithstanding the fact of the existence of said public highway, the defendant is now engaged in obstructing said highway by filling dirt, rock and other material under the

defendant's tracks in the underpass where said highway passes under said tracks and that said obstruction completely bars the complainant and others from their use of said highway.

"Complainant avers that said highway has been and now is a public highway in Knox County, Tennessee, and one of the principal thoroughfares thereof, and that said defendant by thus wrongfully obstructing said highway is doing the complainant an irreparable damage and is assuming an illegal proprietorship over the highways of the State and is thus and thereby obstructing and closing one of the well known highways of the State.

"Complainant further avers that the defendant is thus doing complainant an irreparable injury and that the complainant is entitled to the relief of this Honorable Court to restrain the defendant in the further prosecution of its illegal acts in thus closing said highway."

The defendant demurred to the bill upon the ground that complainant did not allege that it had any title, ownership, interest in, or control over the road alleged to be a public highway, and that such a suit cannot be maintained by a private corporation. The chancellor sustained the demurrer and dismissed the bill, and complainant has appealed and assigned the action of the chancellor for error.

It is well settled that a private citizen may maintain such an action where it is shown that he sustained special injury. 13 Ruling Case Law, 240; 29 Corpus Juris, 627; *Memphis St. Ry. Co.* v. *Rapid Transit Co.*, 133 Tenn., 117; *Hill* v. *Hoffman* (Chy. App.), 58 S. W., 929: *Raht* v. *Southern Ry. Co.* (Chy. App.), 50 S. W., 72.

Neither is the complaining party required first to apply to the municipal authorities for relief before

bringing suit. 13 Ruling Case Law, 241; *Raht* v. *Southern Ry. Co., supra.*

In the Corpus Juris text, referred to above, it is said:

"Where a road is shown to be an existing public high-way, a private individual is entitled to an injunction against encroachments or obstructions thereon when, and only when, he has sustained special damage, different not merely in degree but in kind from that suffered by the public at large."

And the text in Ruling Case Law, referred to above, is in this language:

"A private citizen who sustains a special injury there by may maintain a suit in equity to enjoin the erection or maintenance of an obstruction in a street or highway, though it constitutes a private nuisance. This right, of course, is subject to the general rule that equity will not intervene except to prevent irreparable injury."

In discussing the right to injunctive relief against the vacation of a highway where the complaining party has an easement, the author, in 13 Ruling Case Law, 76, says:

"Some courts hold that since his easement is limited to the portion of the street on which he abuts, or a street which affords him the only means of access to his property, he must show that his property fronts or abuts upon that portion of the street sought to be vacated, or that the part sought to be vacated furnishes the only means of access to his property. If he is not an abutter upon the obstructed or vacated portion of a street or way, and has ample means of access to his property by other streets and public ways, he is simply one of the general public, suffering an inconvenience common to all; and though he may, by reason of proximity, suffer a greater

inconvenience than others, he is in no way distinguished from them except in degree.''

■ Applying these principles to the facts as alleged in the bill, we are of the opinion that the chancellor was in error in holding that such a suit cannot be maintained by a corporation or an individual. On the other hand, we are of the opinion that the bill states no cause of action, and should have been dismissed for that reason.

The bill does not aver that complainant has any easement or other right in said highway; it does not allege that its property abuts on the part of the highway which defendant is obstructing, but alleges that it is near thereto; it does not allege any facts to show that it will be irreparably injured by such obstruction; it does not show that its access to its plant will be cut off, or that it is without other means of ingress and egress to and from its property, or that it has sustained any injury that is not shared by the general public in that locality. The mere allegation that it will be ''irreparably injured'' is a mere conclusion of law, to support which no facts are alleged.

Since the chancellor reached the right result, but based it upon the wrong ground, his decree will be affirmed.