LEN W. MAXWELL and Wife, FRANCES MAX-
WELL, J. W. BARTON and Wife, ELINE BARTON,
v. ROBERT T. LAX, J. R. HAYS and W. H. WILSON.
—292 S. W. (2d) 223.

Western Section. Jackson. May 25, 1954.

Petition for Certiorari denied by Supreme Court, July 23, 1954.

462

Van Dyke & Dunlap, Paris, for appellant, original complainant.

Aaron Brown, Paris, for appellee, original defendant.

AVERY, P. J., (Western Section). In this cause the complainants seek to have a large advertising sign removed from a street in the city of Paris, Henry County, Tennessee, designated as Bell Avenue, erected by the defendants, through the Chancery Court's mandatory injunction.

Len Maxwell and his wife, Frances Maxwell, J. W. Barton and his wife, Eline Barton, four of the complainants own property adjacent to U. S. Highway 79 and Bell Avenue. Bell Avenue, as now located separates the properties of the complainants Maxwell at and north of said highway, and the complainants Barton own property on

both sides of Bell Avenue adjoining the property of the Maxwells. That part of the Barton property lying between Bell Avenue and Lavenia Street adjoins said highway on the north.

Bell Avenue is not located along the route originally dedicated for it, but by and with the consent of the proper authority complainants Maxwell and the complainant C. B. Smith, who was the survivor of two trustees to whom the streets and avenues shown on a plat of what is known as the "Currier Addition" in which the land of the Maxwells is located, and the defendants entered into a contract and conveyance, copy of which is shown at pages 175, 176 and 177 of the record, whereby Bell Avenue was changed so as to cause it to intersect said highway at a point "65 feet northeast from the northeast corner of that property conveyed to J. W. Barton and wife, Eline Barton" and a width of 40 feet therefrom along the northwest margin of said highway, thus creating a deviation from the original dedicated route of Bell Avenue so as to cause it to intersect said highway at right angles at the point above described. The entire portion of Bell Avenue as changed crosses the property of complainants Maxwell.

The conveying clause of that instrument is as follows:

"Whereas, Robert T. Lax, J. R. Hays and W. H. Wilson desire to open a street in the vicinity of the east boundary of lot No. 10 in the Currier Addition in the city of Paris, a plat of which addition is of record in deed book 26 at page 508 in the register's office of Henry County at Paris, Tennessee, to which reference is here made, connecting Bell Avenue with U. S. Highway 79, the same to be used by the said

464

Robert T. Lax, J. R. Hays and W. H. Wilson and those having business with them; therefore, we, L. W. Maxwell and wife, Frances Maxwell, hereby deed, transfer and convey to C. B. Smith, as trustee, a parcel of land described as follows:''

After the description, and references to the prior records of conveyance this instrument further provides:

"The same to be held in trust by said trustee and his successors for the use of whoever may now be, or may become the owners of lots in said Currier Addition and for the use of the public, it being the intent and purpose of this instrument to dedicate the ————— for street purposes as under the common law. The said street shall be subject to the control of all public authorities, which may from time to time exercise jurisdiction over said territory, whether it be state, county or municipal authority.''

By said instrument, which is also signed by the defendants, they agree to construct a surface of asphalt and gravel on said described street and to prevent any dust from being caused by the use of the street.

Defendants owned the Sky-View Drive-In Theatre located on Gail Avenue just north of Bell Avenue, and it is clear from the entire record that the change in the location of Bell Avenue where it intersects the said highway was made for the purpose of affording a better entrance to and from the Sky-View Drive-In Theatre and said highway. The record indicates that the distance from the end of Bell Avenue at the highway to the entrance on Gail Avenue of the Sky-View Theatre is about 500 feet.

After Bell Avenue was changed and opened, as above indicated the defendants constructed an advertising sign about 30 feet north of said highway pavement and on the 40 foot strip constituting that portion of Bell Avenue. This sign was constructed in said street about 5 feet from its northwest boundary. It is 21 feet high from the street surface level and 36 feet from end to end, near the top of which is the lettered advertisement of the Sky-View Drive-In Theatre, and the lower part of which is boarded for a distance of 7 feet 7 inches high and 22 feet wide. A reasonably accurate plat showing the location of the properties, the streets, avenues and highways is filed as an exhibit to the original bill. This advertising sign is brightly lighted, the electrical current being carried to it by a cable laid under the surface of the street along the west side of the sign, the electric power being furnished by the Board of Public Utilities of the City of Paris.

The bill alleges that the defendants, by the construction and lighting of the sign have created a nuisance in that the lights shine into the dwelling of complainants Maxwell, interrupt and destroy their rest and sleep; that the sign cuts off, at certain angles, the view of complainants to their several properties and that it causes great annoyance to persons who occupy their property; is so constructed and so glaring and spectacular that it renders further development of their properties impractical; that the sign obstructs the public highways, streets, alleys etc. and that it endangers the safety of travelers along Bell Avenue and the highway, constitutes a dangerous hazard to the safety of persons and vehicles, and unlawfully interferes with the safe enjoyment of the public easement.

The answer denies the material allegations of the bill with reference to the alleged nuisance, avers that at the time Bell Avenue was so changed all the parties understood there would be a sign constructed at or near the highway, that it cost defendants $3,000, that complainants saw it being constructed over a period of about three days and took no steps to prevent it, and that the construction was authorized by the public road supervisor of Henry County.

The case was heard before the Chancellor, by consent, upon oral testimony, and the Chancellor, in a lengthy decree, which sets out his findings of facts, granted the injunction as prayed for, commanded the defendants "to remove said sign and every device connected therewith, including said cables and wires connecting with said electric facilities from said street and the properties owned by complainants Maxwell, and defendants are enjoined and prohibited from allowing said obstructions to remain where they are now or on, above or underneath, the surface of said street or within the area thereof or on or affecting the property of complainants."

The decree provides that the defendants will forthwith comply.

Exceptions were duly taken to the decree by the defendants, an appeal prayed and perfected to this Court, and they have assigned what they designate as ten assignments of error. Assignments of error Nos. I, III, IV, V, VI and VII are practically treated as one assignment in the argument of counsel for appellants or defendants below. They simply state that the Court erred by granting the mandatory injunction because the proof failed to show sufficient grounds for such, that the Court

erred in holding that the sign created an obstruction on the street, a public nuisance, that complainants' rights were materially affected, and interfered with their rest and comfort and enjoyment of their property, that complainants had suffered irreparable damage to their property, that said sign caused depreciation in the value of their properties and that the defendants had no right to erect said sign in said street or avenue. Assignments Nos. VIII and X fall in the same class as those above mentioned and will be so considered.

Assignment No. II is to the effect that the court erred in finding that the county highway supervisor for Henry County acted without authority in directing the sign to be placed where it was constructed. Assignment No. IX is to the effect that the Court erred in failing to decree for defendants because complainants had no equitable right to mandatory injunction after the execution of the contract.

We will dispose of assignment of error No. II with respect to the authority of the supervisor of the county highways of Henry County to authorize the construction of the sign at the place complained of.

The record does not show the provisions of any private act of Henry County, Tennessee defining the duties of the public road supervisor, and it is not necessary for this court to take the time to find and examine such acts, since the witness, Marshal Hunt, who is the road supervisor or superintendent for Henry County, very clearly states that while he pointed out the place in Bell Avenue where the sign could be erected without interference with the road or county, he did not undertake to grant such authority. His statement, R. 144, is:

"Yes, Mr. Lax called me one night and asked if I· would meet him out there next morning and show him where he could put a sign up not to interfere with the county and I said that is as far as I could go along with you, where it didn't interfere with the road or county."

Again he said:

"I never told them where to put it only that it wouldn't be in the county's way." R. 147.

██ His entire testimony is simply that he showed them where to put the sign so as not necessarily to interfere with the traveled part of the street. With that information defendants might have obtained authority from the proper official for the construction of the sign, insofar as such authority could be granted. The result is that this assignment must be overruled. No substantial denial of this statement is made by any witness.

██ ██ Assignment of error No. IX to the effect that complainants were estopped to have mandatory injunction, after their contractural relationship with defendants, must be overruled. This is not a suit to reform a contract. The contract speaks for itself and is in the record. R. 175, 176 and 177. The second quotation from the contract, shown on page 2 of this opinion clearly defines the meaning of the granting clause, and when properly construed means an outright dedication of the entire 40 feet constituting Bell Avenue "for street purposes as under the common law," the control of which is vested in the public authorities having jurisdiction of the public streets, and stated by said contract to be the "state, county or municipal authority." There is something said about some oral statement relative to erecting a sign, but

the grantors of the right-of-way or easement, after the dedication of the street, would have had no legal right to authorize the construction of anything in the street area which might constitute an obstruction or hazard or a nuisance to the traveling public who might use the street.

All the other assignments of error may be treated together.

Nuisances are said to be of three classes. Public, private and mixed.

"A private nuisance has been defined as one which violates only private rights and produces damages to but one or a few persons." 39 Am. Jur., Nuisances sec. 9.

"A public nuisance has been defined as the doing of or the failure to do something that injuriously effects the safety, health, or morals of the public or works some substantial annoyance, inconvenience or injury to the public, and as a nuisance which causes hurt, inconvenience or damage to the public generally, or such part of the public as necessarily comes in contact with it." 39 Am. Jur., Nuisances sec. 8.

A mixed nuisance is one that partakes of the character of both a public and private nuisance. "A public nuisance becomes also a private nuisance as to any person who is especially injured by it to any extent beyond the injury to the public." 39 Am. Jur., Nuisances sec. 7.

Without considering the rights of the defendants as against the complainants' private rights, in the absence of any injury or damages peculiar to the complainants or their property and without considering the legal right of the defendants to place the sign within and upon the dedicated street right-of-way, some of the witnesses testified

to facts, which the Chancellor found to be true and to constitute the preponderance of the proof, to the extent that the sign constituted (a) an obstruction to the vision of the public who might be traveling along Bell Avenue and entering U. S. Highway 79 as well as (b) that of the public traveling north on said highway and intending to turn into Bell Avenue where it intersects the highway, and that (c) because of the obstruction of the vision of the public.

The proof by some of the witnesses further shows, and the Chancellor so found generally, that complainants Maxwell suffered (a) annoyances from the lights on the sign shining into thier home, (b) that this sign would obstruct any entrance to that part of the lot belonging to the Maxwells adjoining the highway on the north and Bell Avenue on the west for the full length of the sign or 36 ft., and (c) for that condition to continue would do irrepairable damages to the property of the Maxwells and the peace and contentment of their home. The Chancellor did not find, as we understand his decree, any irrepairable damages existing to the private property of the complainants Barton. He did correctly find, according to the proof that this sign had been constructed about 5 feet inside of the 40 ft. strip of land designated as Bell Avenue. He further found, as we understand his decree, that complainants had a right to bring this suit to abate the public nuisance, created by the construction of the sign and to relieve the private injury being done the complainants Maxwell to their peace and quietude and the damage to their property.

The complainants are pressing their claim in this cause both as part of the public and as owners of abutting property along Bell Avenue, and while it is stressed by defend-

ants that such suits may be maintained by individuals only who can show special damage to themselves, without being owners of abutting property, that question is not involved except by the Bartons, and only by them in a slight way. They are not parties to the contract or deed, and do not own property that abuts Bell Avenue at its junction with the highway. The evidence indicates no special damages to their property by virtue of the sign complained about. They are owners of property at other points on Bell Avenue and are a part of the public who will travel Bell Avenue and the highway.

An injunctive proceeding in equity may be maintained by a private citizen, and successfully prosecuted to prevent the maintenance of an obstruction to a public street or highway where it is shown that he did sustain an injury to his property, and it is not necessary for such a one to first obtain authority from municipal officials to prosecute such suit. Particularly is this true where that individual is the owner of abutting property along the highway at the point of the obstruction. Day-Evans Iron Works v. Louisville & N. R. Co., 161 Tenn. 649, 32 S. W. (2d) 1038; Thornton v. Connelly, 15 Tenn. App. 436.

Many cases are cited under authority of the case of Thornton v. Connelly, supra, and while the facts of that case are not nearly so clear as the facts of this case, to the effect that the road in question constituted a public road, a filling station had been constructed in a portion of right-of-way not dedicated to public use in the expressed manner as the one in question here has been dedicated, and the court after analyzing the proof said:

"Upon the facts as we have found them, the complainant has a greater interest in the road or street

upon which his property abuts, both in kind and degree, than the general public, and he therefore has a right to maintain a suit to enjoin the obstruction of such road or street." Citing Stewart v. Illinois Central R. Co., 143 Tenn. 146, 156, 225 S. W. 1042; Day-Evans Iron Works v. Louisville & N. R. Co. supra; Blake v. Skelton, 5 Tenn. App. 539; Hill v. Hoffman, Tenn. Ch. App., 58 S. W. 929, 932; Morgan County v. Goans, 138 Tenn. 381, 383, 198 S. W. 69, 5 A. L. R. 198.

"It does not become necessary for us to pass upon the question of whether or not a disturbance to the Maxwells from light alone would constitute such irrepairable damage as to justify the decree of the Chancellor. However, sec. 97.5 (New Text) 39 Am. Jur., Nuisance, Cumulative Suppl. 1953, from an annotation in 5 A. L. R. (2d) 706 says:

"The casting of light on another's premises, if the the intensity of such light is strong enough to seriously disturb a person of normal sensibility or to interfere with an occupation which is no more than ordinarily susceptible to light, may constitute a nuisance."

In the instant case it is not a question of light alone. As before stated, the sign did obstruct an entrance to a lot located on the west side of Bell Avenue and north side of Highway 79 owned by the Maxwells for a distance of several feet. Taking the annoyance to the Maxwells from the light, coupled with this blocking of any entrance which they might make to the said lot, the authority herein quoted, justifies them as individuals to have abated, by a mandatory injunction, the continuance of the sign in

question. The value of this sign to the property of the defendants furnishes no excuse for its construction at the location in Bell Avenue.

The Chancellor in this case saw the witnesses and observed their demeanor on the stand as they testified. The record contains many photographic exhibits of the sign taken when illuminated at night as well as in the day. The plat filed with the record as Exhibit A, purports to be drawn to a scale of "1"= 4' " and also carries a drawing of the sign in question, and while the testimony of witnesses disagree as to whether or not this sign furnishes an obstruction to the view of the traveling public entering and leaving Bell Avenue at its intersection with the highway, the physical facts, as shown by the witnesses as well as by the photographs and plat we find do constitute the great weight of the evidence in the case favorable to the contention of the complainants that the sign constitutes a hazard to the traveling public, irreparable injury, if permitted to remain, to the property of the Maxwells and that it it was located upon a portion of Bell Avenue without authority, by the defendants. We are, therefore, constrained to find that the Chancellor's conclusions are correct. All assignments of error are overruled, and the Chancellor's decree in this regard affirmed.

The Chancellor, in his decree, for reasons satisfactorily stated, ordered a reference to the master directing him to take proof and report any amount of damages the complainants Maxwell and Barton, respectively, may have sustained by virtue of the wrongful construction of the sign. He also adjudged one-half of the cost against complainants and one-half against defendants, and while it appears from this record that there is perhaps no

damage whatever to which the Bartons are entitled, and but little, if any, to which the Maxwells are entitled, the cause will be remanded, and a decree will be entered in this Court affirming the Chancellor's decree with respect to the mandatory injunction requiring the removal of the sign from said right-of-way and the property of the Maxwell's and the cause remanded to the Chancery Court of Henry County for the enforcement of that court's decree here affirmed, and for such other action as may be necessary on the order of reference. The cost of the appeal will be paid by the defendants, appellants in this Court, and their sureties on their appeal bond. Decree will be entered in accord with this opinion.

Carney and Bejach, JJ., concur.