IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 6, 2002 Session

## F.T. GREER , ET AL. v. JOSEPH C. MACRI, ET AL.

**Appeal from the Chancery Court for Sumner County**
**No. 2000C-89**
**Tom E. Gray, Chancellor**

_____

**No. M2001-02536-COA-R3-CV - Filed December 11, 2002**

_____

This appeal arises from the denial of the Chancery Court of Sumner County of Plaintiffs' request for an injunction. The dispute involves the construction of a brick entranceway which connects a county road to Defendants' driveway easement over the Plaintiffs' property. The entranceway lies within the "metes and bounds" of a county road. The Chancellor refused to grant an injunction ordering removal of the entranceway holding that the county was the only party with standing to seek removal of obstructions within the right-of-way of a county road. We disagree with the Chancellor and find that the Plaintiffs own fee simple title to the pertinent portion of the right-of-way and therefore have standing to assert their ownership rights independent of the county. We therefore reverse the finding of the Chancellor and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

THOMAS W. GRAHAM, SP. J., delivered the opinion of the court, in which BEN H. CANTRELL and PATRICIA J. COTTRELL, joined.

Homer R. Ayers, Goodlettsville, Tennessee, for the appellants, F. T. Greer and wife, Sally Robb Greer, and Sue R. Hancock.

Curtis M. Lincoln, Hendersonville, Tennessee, for the appellees, Joseph C. Macri and wife, Laura L. Macri.

# OPINION

## Background

This case began when F. T. Greer and wife, Sally Rob Greer, and Sue R. Hancock brought suit in the Chancery Court of Sumner County seeking injunctive relief against the Defendants, Joseph C. Marci and wife, Laura L. Marci. Plaintiffs sought injunctions requiring the Defendants to remove from Plaintiffs' properties certain obstructions and materials related to the Defendants' driveway to and from the county road known as Watt Nolan Road. The genesis of the dispute centers around a May 29, 1998, agreement styled Ingress, Egress Driveway and Utility Easement and Agreement between Plaintiffs, F. T. Greer and wife, and the Defendants which provided for an easement of ingress and egress primarily for the benefit of the Defendants but also with certain rights being granted to the Plaintiffs. As a consequence of this agreement, the Defendants constructed a driveway from Watt Nolan Road along the boundary line between Plaintiffs, F. T. Greer and wife, and Plaintiff, Sue R. Hancock, which extended to the southerly line of the Defendants. In general, the lawsuit claimed numerous transgressions across the twelve (12) foot easement onto the Plaintiffs' respective properties including an objection to a substantial brick entrance gateway which is the subject of this appeal. After a full evidentiary hearing, the Chancellor ruled on all those issues of the complaint except matters dealing with that portion of the Defendants' driveway and entrance gate which lay within the metes and bounds of the fifty (50) foot right-of-way of the Watt Nolan Road. The Chancellor, noting Sumner County was not a party to this action, refused to grant relief as to obstructions lying within the county road right-of-way. From this ruling and the Trial Court's subsequent October 12, 2001, order denying Plaintiffs' motion to modify as to this issue, the Plaintiffs have filed this appeal asking the Court to rule on the following issues:

1) Whether or not the limitations set forth in the Ingress, Egress Driveway and Utility Easement and Agreement filed as Exhibit No. 1, apply to that portion of the driveway constructed by the appellees which is within the metes and bounds of the road right-of-way granted to Sumner County, Tennessee, for Watt Nolan Road.

2) Whether or not a property owner has control of that portion of his property dedicated as a road right-of-way to a county government to the exclusion of a holder of an easement which was granted to the beginning of a county road right-of-way.

## Effect of Ingress, Egress Driveway and Utility Easement Agreement

The first issue, the effect of the May 29, 1998, Ingress, Egress Driveway and Utility Easement Agreement within the metes and bounds of the right-of-way of Watt Nolan Road, may be addressed with dispatch. A review of both the easement description contained in the Agreement and the March 21, 1999, survey of George C. Gregory which was introduced at trial make it clear the

Agreement encompasses only property which lies outside the margins of the Watt Nolan Road.[1]
When an easement is created by a grant, it must be strictly construed and when its terms are specific,
they are decisive of the limits of the easement. **Foshee v. Brigman**, 129 S.W.2d 207 at 208 (Tenn.
1939) See also **Henry v. Tenn. Electric Power Company**, 5 Tenn. App. 205 (1927).  A principle
which underlies the use of all easements is that the owner of an easement cannot materially increase
the burden of it upon the serviant estate or impose thereon a new and additional burden, absent a new
or amended agreement.  **Little v. Paduch**, 912 S.W.2d 170 (Tenn. Ct. App. 1995) We find the
description of the subject easement begins at the margin and does not extend into the metes and
bounds of the Watt Nolan Road and therefore, the terms of the Easement Agreement may not be
directly applied to any portion of the public road right-of-way known as the Watt Nolan Road.[2]

Rights of Landowners After Dedication

We now turn to the remaining issue which we believe might better be phrased, "What rights,
if any, do the Plaintiffs retain within the right-of-way of the Watt Nolan Road independent of
Sumner County?"  Because the record is silent on the exact method by which Sumner County
acquired its right-of-way for Watt Nolan Road, we assume same was acquired by implied dedication
as is the case for a substantial portion of the county roads in this State.  Since it has been stipulated
by the parties that the Plaintiffs "own abutting properties and each of said properties extend to the
center line of Watt Nolan Road, Sumner County, Tennessee", it becomes our task to determine the
extent of any retained rights the Plaintiffs have in that portion of their properties lying within the
previously dedicated public road right-of-way.

Our Supreme Court has addressed this issue most recently in the case of **State, ex rel, Kessel
v. Ash**, 888 S.W.2d 430 (Tenn. 1994) wherein it held:

> ... longstanding law provides that when property is dedicated to a governing body for
> public use, the governing body acquires only an easement in the property, and the fee
> remains in the dedicator, or in the abutting landowners where property conveyed is
> for a street or highway. ... the county does not own the fee title to the roadways, but
> has at most only an easement of right-of-way.
>
> **State, ex rel, Kessel**, supra, at 431

This principle was announced even as early as 1854 by our Supreme Court when it opined the
following, to-wit:

> ... If a man lay out a street or public way over his land, for the general public, and it
> be accepted and used by the public in the manner intended, that is a valid dedication

---

[1]  Since it was stipulated that the right-of-way for Watt Nolan Road is fifty (50) feet, the margins of the road
would be defined and located as parallel lines lying twenty-five (25) feet on each side of and parallel to the center line.

[2]  To the extent there may be a portion of the right-of-way which must be traversed in order to connect the
described driveway to the paved surface of Watt Nolan Road, Plaintiffs would be estopped to deny access since to do
so would violate the clear intent of the parties to grant ingress and egress rights to the Defendants.

of the easement.  It consists in the right-of-way over the land of another and not of an interest in the land itself, that remains in the owner of the fee unaffected by the dedication ...

**Montilian Scott v. The State**, 33 Tenn. 629 at 632 (Tenn. 1854)

Finally, *Tennessee Jurisprudence* summarizes the law as follows:

Under a common law dedication, the public does not acquire a fee in the land, but simply the right to use it for the purposes for which it was dedicated.  The fee remains in the owner, and he holds it subject to the easement vested in the public.  The public acquires only an easement in the property dedicated. ...

9 Tenn. Juris., Dedication, Section 8

Since easements, as previously stated herein, are to be strictly construed and may not be materially increased to the detriment of the serviant estate, we find the Plaintiffs retain within the dedicated right-of-way all those rights attendant to fee simple ownership which are not inconsistent with the public road easement.  See **East Tennessee, V. & G. Ry. Co. V. Telford Executors**, 14 S.W. 776 at 777 (Tenn. 1890).  In the case at hand, the Plaintiffs are the fee simple owners of the land on which the Defendants have constructed a brick entranceway.  Under the law of this State, fee simple owners have absolute possessory right to use the property described in their deeds as they see fit subject only to such contracts, conveyances, statutes, or common law that may otherwise apply.  In this case the only relevant limitation on the Plaintiffs' right to possess is the public road easement.  No right of possession exists in the Defendants which would authorize the construction and maintenance on the Plaintiffs' land of the subject brick structure.  This being the state of the law, the only remaining question is whether or not the Plaintiffs have standing to bring this suit.

### Standing

After granting relief relative to that portion of Plaintiffs' property not lying within the county road right-of-way, the Trial Court below determined that it should take no action relative to construction within the county road right-of-way holding that only the county had standing to object:

... I am of the opinion the county is the one that can object to what's on the right-of-way ...  So they don't have to remove it if it's on the right-of-way ...

Minute Book 211, page 425, Chancery Court of Sumner County

Plaintiffs in their brief cite the case of **Knierim v. Leatherwood**, 542 S.W.2d 806 (Tenn. 1976) which states as follows:

We think it both reasonable and clear that a private citizen may sue to enjoin the maintenance of an obstruction on a public highway where he has sustained special injury or damage.

**Knierim**, supra at 810

-4-

The Defendants in their brief respond that the Plaintiffs have failed to " ... allege in their complaint any damage caused by the erection of any portion of the driveway or concrete thereof located on county property nor is there any proof in the record to that effect ..."  We do not agree with Defendants' position as stated.  We note that the Complaint at prayer 3 asks the Court to require the Defendants "to remove all concrete at the entrance to their easement adjacent to Watt Nolan Road ... in excess of a strip of concrete ten (10) feet in width ..." and at prayer 11 "That the Defendants be permanently restrained and enjoined from trespassing upon the lands of the Plaintiffs, or either or them, for any reason."  We further note that the first stipulation of the parties was that the Plaintiffs owned "to the center line of Watt Nolan Road, Sumner County, Tennessee."  Finally, we note that several pictures filed as exhibits clearly show the brick entrance being connected to the pavement of Watt Nolan Road on one end and to the gravel drive on the other end.  Under the allegations and the proof in this record, it is abundantly clear that the Defendants' entranceway is located on Plaintiffs' property.  We hold that the Plaintiff has stated a case of trespass and special injury and therefore, has standing as a private citizen under **Knierim** to seek the relief requested regardless of whether Sumner County is a party.[3]

For the reasons stated herein, the Order of the Chancery Court of Sumner County is reversed, and this matter is remanded to said Court for entry of such further injunctive relief as the Plaintiffs may be entitled to receive not inconsistent with the decision rendered herein.  The costs of this cause are assessed to the Defendants.

_____
THOMAS W. GRAHAM, SPECIAL JUDGE

---

[3]  We note that our decision here is in accord with the case of **Maxwell v. Lax**, 292 S.W.2d 223 (Ct. App. 1954) wherein the Western Section of this Court affirmed the action of the Chancery Court of Henry County which granted an abutting landowner's request for an injunction ordering removal of a sign located on a dedicated right-of-way.