ADAMS et ux. v. WINNETT et ux.—156 S. W. (2d), 353.

Middle Section. April 19, 1941.

Rehearing denied May 10, 1941.

Petition for Certiorari denied by Supreme Court, December 6, 1941.

278

Cummings & Melton, of Woodbury, for complainants Adams.
Sterling S. Brown, of Woodbury, for defendants Winnett.

CROWNOVER, P. J. The original bill in this cause was filed by J. F. Adams and wife against D. F. Winnett and wife to enjoin them from obstructing or interfering with the complainants' right of way over their property.

Winnett had conveyed to Cummings and Melton a lot in Woodbury, Tennessee (a long narrow strip of land), adjoining his property with right of egress and ingress over his property. Adams owned a lot in the same block, on a street running back 70 feet to the Winnett and Cummings and Melton lots, the rear of his lot abutting on the side of the Cummings and Melton property. Adams leased to the U. S. Government for a post office a building to be constructed by him on his lot. The Government required that the building have a rear entrance for mail trucks. Adams then bought from Cummings and Melton a strip of the rear of their lot, 6 feet wide and 57 feet long, the deed reciting that there is also conveyed a right of ingress and egress to and from said land over the Winnett property.

It was alleged in the complainants' bill that they had made a proposal to the U. S. Post Office Department to erect a building on their lot to be leased to the Government for a post office; that by the terms of the proposed contract it was necessary to have access to the building from the rear; that they purchased this strip of land from Cummings and Melton, who conveyed to them such right of ingress and egress as they had, for a rear entrance to the post office; that the defendants were threatening to obstruct said right of way by erecting locked gates and other obstructions to prevent their use of the building as a post office which would cause the Government to cancel their lease.

The defendants Winnett answered the bill and alleged that the complainants Adams had no right of way over their lands, as the conveyance of a strip of land 6 feet wide was not of sufficient value to impose a burden of easement upon the servient estate of the defendants; that if the complainants did acquire a right of way over the lands of the defendants, it was a right limited only to the service of that strip of land purchased from Cummings and Melton, and did not

extend to the post office and the adjoining theatre buildings; that the small strip of land was acquired for the fraudulent purpose of adding additional burdens to their property.

The defendants admitted that they were preparing to erect fences and gates across the right of way granted to Cummings and Melton, and they alleged that they had a right to erect and maintain them; that they had fences and gates across the right of way when the same was conveyed to Commings and Melton, who accepted it with such obstructions.

The defendants, in their answer, stated that they reserved the right to ask the court to treat their answer as a cross-bill if during the progress of the cause they deemed it necessary to do so.

It was never filed as a cross-bill and no process was served on the complainants.

A temporary injunction was granted the complainants.

The defendants moved the Court to dissolve the injunction, which motion was overruled.

The cause was heard on oral evidence to a jury. The following issues of fact were submitted to the jury:

No. 1. Does the proposed use of the right-of-way in question by the complainants for ingress and egress to the rear of the post office building of complainant, materially increase the burden and impose new and additional burdens on the right-of-way as insisted by defendants, and inconsistent with the purpose and character of the original grant of said right-of-way to Cummings and Melton, the complainant's grantor?

No. 2. Would the erection of gates as proposed by the defendant unreasonably interfere with the right of the complainant in the use of the right-of-way in question?

At the close of the complainants' evidence and again at the conclusion of all the evidence, the defendants moved the Court to withdraw the issues from the jury and enter a decree in their favor, which motions were overruled.

The jury answered "yes" to both issues.

The defendants Winnett filed a motion for a decree non obstante veredicto dissolving the temporary injunction and enjoining the complainants from using said right of way, which motion was overruled.

The complainants Adams moved the court to disregard issue No. 1 and render decree on issue No. 2 in accordance with the verdict of the jury.

The Chancellor overruled both motions. Whereupon the defendants moved the court to set aside the verdict of the jury, which was treated as a motion for a new trial and overruled, and the complainants moved in arrest of judgment, which motion was overruled.

The Chancellor then rendered a decree that the original bill be

sustained; that the temporary injunction be made permanent and perpetual so as to prohibit the defendants from erecting gates or obstructions across the right of way in question, as the complainants had certain rights over said right of way acquired under their deed from Cummings and Melton, which would unreasonably be interfered with by the erection of gates, but that complainants had no right of way for mail trucks and other uses in connection with the post office and theatre, as this would unreasonably increase the burden on the right of way, and is inconsistent with the use contemplated in the original grant. He decreed that the complainants had the right of ingress and egress to the portion of the Cummings and Melton lot which they acquired by their deed from Cummings and Melton, but not for use in connection with the post office and theatre.

Both complainants and defendants excepted to said decree and appealed to this court. The defendants filed a bill of exceptions.

The complainants Adams have assigned errors, which are, in substance, as follows:

(1) The Chancellor erred in submitting to the jury issue No. 1—whether the proposed use of the right of way by the postoffice increased the burden on the right of way—because it is a legal question and not a question of fact.

(2) The Chancellor erred in not sustaining the complainants' motion in arrest of judgment on the ground that the verdict and judgment on issue No. 1 are not responsive to the pleadings.

The defendants have assigned errors, which are, in substance, as follows:

(1) The Chancellor erred in submitting to the jury issue No. 2—whether gates would interfere with the complainants' use of the right of way.

(2) The Chancellor erred in decreeing that the complainants had acquired any easement over and across the lands of the defendants.

The complainants have filed in this court a motion to strike the bill of exceptions on the grounds: (1) It does not recite that it contains all the evidence. It recited: "This was all the evidence *submitted to the jury* upon the trial of this cause." (2) Maps and diagrams used in the examination of witnesses and sent up with the record are not authenticated by the Chancellor.

There is nothing in the first contention. The jury are the triers of facts. The statement at the close of the evidence that it was all the evidence submitted to the jury is sufficient.

But where maps and exhibits to evidence are not authenticated by the Chancellor, the bill of exceptions is imperfect and should be stricken. Central Produce Co. v. General Cab Co., 23 Tenn. App., 209, 129 S. W. (2d), 1117; Southern Ry. Co. v. Underwood, 8 Tenn. App., 142; Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App., 394.

█ The clerk and master did not certify to the correctness of the bill of exceptions. There is a certificate to the technical record, but none covering the bill of exceptions. This is also a fatal defect.

█ The defendants Winnett's motion for a new trial was not spread upon the minutes of the court. It was included in the bill of exceptions, but the bill of exceptions has been stricken, hence we cannot consider the motion for a new trial.

The complainants did not file a motion for a new trial.

█ As the bill of exceptions has been stricken from the record, it follows that we cannot consider errors which are based upon the facts of the case.

██ The complainants Adams' first assignment of error is based on the facts of the case—whether the use of the right of way by the post office increased the burden upon the servient estate. It was a proper issue, under the pleadings, to be submitted to the jury, and the jury has returned a verdict that it did increase the burden. In the absence of a bill of exceptions we must presume that there was sufficient evidence to support the verdict. Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App., 394.

█ The complainants' second assignment, that the Chancellor erred in not sustaining the complainants' motion in arrest of judgment on the ground that the verdict and judgment on issue No. 1 are not responsive to the pleadings, is not well made, as the question was raised in the complainants' bill and denied by the answer.

█ The complainants insist that the defendants filed no cross-bill asking for affirmative relief. If the defendants had filed their answer as a cross-bill they would have been entitled to an injunction prohibiting the complainants from using the easement for post office and theatre purposes; but under the bill and answer the issue was proper, and the defendants are entitled to a decree declaring their rights. Under the verdict on this issue the complainants have no right to use the right of way for post office and theatre purposes as it will add to the burdens of the easement.

█ "The use of an easement must be confined strictly to the purposes for which it was granted or reserved. A principle which underlies the use of all easements is that the owner of an easement cannot materially increase the burden of it upon the servient estate or impose thereon a new and additional burden." 17 Am. Jur. 996, sec. 98.

█ "A fundamental principle is that an easement for the benefit of a particular piece of land cannot be enlarged and extended to other parcels of land, whether adjoining or distinct tracts, to which the right is not attached. In other words, an easement appurtenant to a dominant tenement can be used only for the purposes of that tenement; it is not a personal right, and cannot be used, even by the dominant owner, for any purpose unconnected with the enjoyment

of his estate. The purpose of this rule is to prevent an increase of the burden upon the servient estate, and it applies whether the easement is created by grant, reservation, prescription, or implication.'' 9 R. C. L., 786, sec. 43; Jones on Easements, secs. 99 and 100.

"A principle which underlies the use of all easements is that the owner thereof cannot materially increase the burden of it upon the servient estate, nor impose a new and additional burden thereon. . . . It may be said in general that if an easement is put to any use inconsistent with the purpose for which it was granted, the grantee becomes a trespasser to the extent of the unauthorized use.'' 9 R. C. L:, 790, sec. 47; Jones on Easements, secs. 99 and 100.

"(a) (1) An easement was imposed on certain land in favor of a lot called therein for convenience the 'pink land,' and afterward a building was erected partly on such 'pink land' and partly on adjoining premises called the 'white land,' which was not subservient to the easement. It was desired to use the building for manufacturing purposes and to use this easement for hauling and freight traffic for the benefit of all the building. The court refused such use. Harris v. Flower, 74 L. J. Ch., 127. (2) A partition deed embracing a number of lots contained a provision that a certain alley should 'forever be left open . . . as a means of ingress and egress for the advantage of all the property hereinbefore conveyed and partitioned.' Afterward the Broad Exchange Company acquired title to one of such lots and to certain other lots not included in such partition deed, and proceeded to erect on all of such lots a large office building, designed for the accommodation' of some seven thousand occupants. The heat and power plant was located on the premises dominant to the easement. The coal, ashes, paper, and sweepings of the entire building were conveyed through the alley. The court issued an injunction against the owner of the building and its agents from using the easement until such time as the building should be, so arranged as to permit the use of the easement for the advantage of the dominant tenement only. McCullough v. Broad Exch. Co., 101 App. Div. 566, 92 N. Y. S., 533, affirmed 184 N. Y., 592, 77 N. E. 1191.

"(b) An automobile garage was erected on two lots, one of which was entitled to an easement over an alley connecting with the streets. The automobiles from the garage, both that part situated on the land dominant to the easement and that part not on such land, passed in and out of the alley. The court held that the proprietor of the garage might use the alley as appurtenant to that part of the garage dominant to the easement, but not as a means of ingress or egress to and from the other portion of the garage by means of the portion which was dominant. Diocese of Trenton v. Toman, 74 N. J. Eq., 702, 70 A., 606.'' 19 C. J., 980, note 76 to sec. 227.

"Grant or reservation of easement in general terms is limited to use which is reasonably necessary and convenient, and as little

burdensome to servient estate as possible for use contemplated.'' Horton v. Shacklett, 20 Tenn. App., 72, 95 S. W. (2d), 936, syl. 1.

''Where easement is not specifically defined, it need be only such as is reasonably necessary and convenient for purpose for which it was created.'' Horton v. Shacklett, supra, syl. 2.

 The defendants have a remedy against the complainants for the trespass and may be entitled to an injunction to prohibit trespass if complainants continue to use the easement for post office and theatre purposes.

It results that the Chancellor was not in error in refusing to sustain the complainants' motion in arrest of judgment, and this assignment must be overruled.

 The defendants' first assignment of error must be overruled. The question whether the defendants should be allowed to erect gates was raised in the bill and the answer, and the issue was properly submitted to the jury. In the absense of a bill of exceptions we must presume that there was evidence to sustain the verdict.

 The defendants' second assignment of error, that the Chancellor erred in decreeing that the complainants had acquired an easement over and across the lands of the defendants, must be overruled.

As decreed by the Chancellor, the complainants Adams have rights of ingress and egress to the six-foot strip of land purchased by them from Cummings and Melton but not to the rest of the post office and theatre buildings. 19 C. J., 979, 980, sec. 227.

It results that all the assignments of errors are overruled and the decree of the Chancellor is affirmed. The decree as to the costs that accrued in the lower court will be affirmed. The costs of the appeal will be divided; one-half will be decreed against the complainants and the sureties on their appeal bond and one-half against the defendants and the sureties on their appeal bond.

Felts, and Howell, JJ., concur.

## On Petition for Rehearing.

CROWNOVER, P. J. This case is again before us on a petition for a rehearing, which petition practically reviews all the contentions made by the defendants in their original assignments of errors and brief. We have carefully read the petition and have again reviewed the assignments of errors, but we are of the opinion that our original opinion is correct.

 The petitioners have made no new argument, cited no new authorities, and have pointed out no material fact overlooked by us; hence we think that our opinion is a sufficient answer to the petition for a rehearing. Melody v. Hamblin, 21 Tenn. App., 687, 115 S. W. (2d), 237.

It might be stated that we think the petitioners are laboring under

284

a mistake as to our decree applying to the theatre. What we intended to hold was that the complainants Adams have a right of ingress and egress to the strip of land 6 feet wide and 57 feet long that they purchased from Cummings and Melton. They filed the original bill alleging that they had purchased this strip of land and had an easement over the defendants' lots. They erected a part of the post office on a part of this strip of land and erected the theatre on the lot adjoining this strip of land. What we intended to hold was that they were entitled to an easement over the defendants' lots of ingress and egress to that strip of land, but not for the use of the post office and theatre, and that the defendants had no right to erect gates that interfered with the right of ingress and egress to that strip of land.

The petition for a rehearing is denied at the petitioners' cost.

Felts and Howell, JJ., concur.