**Elizabeth KNIGHT, Plaintiff-Appellant,**

v.

**Isabell UTZ, Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 9, 1984.

Permission to Appeal Denied by
Supreme Court June 11, 1984.

John K. Byrne, Memphis, for plaintiff-appellant.

Henry M. Beaty, Jr., Memphis, for defendant-appellee.

HIGHERS, Judge.

The plaintiff, Elizabeth Knight, brings this appeal from a decree of the Chancery Court which refused to award damages and injunctive relief to her against the defendant, Isabell Utz.

The plaintiff owns a two-story house which is divided into three apartments known as 1641, 1643, and 1645 York Avenue in Memphis. The defendant is the owner and occupier of the residential premises known as 1637 York Avenue in Memphis. These two properties are separated by a concrete driveway which is on the west side of the plaintiff's property and on the east side of the property owned by the defendant. According to the survey of Edward E. Shroyer dated May 10, 1950, the driveway extended 3.1 feet on the Knight side of the line and 4.9 feet on the Utz side of the line.

On or about November 29, 1982, the defendant installed a metal fence down the center of the driveway. The plaintiff filed a complaint in the Chancery Court seeking a mandatory injunction requiring the defendant to remove the fence and other debris and to return the driveway to its original condition, and seeking a permanent injunction enjoining the defendant from interfering with the peaceful use of the driveway. The plaintiff also sought damages, both compensatory and punitive, for the alleged wrongful obstruction of the driveway.

The Chancellor found that an easement existed for the use of the driveway between the plaintiff's property and the defendant's property, but "that there has been a change, altering and amendment to

the use of the easement on both properties in such a manner by plaintiff so as to amount to a dissolution or constitutes abandonment of the mutual easement in relation to the original purpose for which it was to be used." The Chancellor denied a mandatory injunction to remove the entire fence, but granted partial relief by ordering that a portion of the fence be moved so as to permit a car to "get by the porch on the west side of plaintiff's property."

The property known as 1637 York Avenue, which is now owned by the defendant, was purchased on June 14, 1910, by Roberta T. Prothro from W.D. Matthews and wife. On April 10, 1939, Roberta T. Prothro conveyed the property to Louis A. Montedonico and wife, and she also executed a document which was recorded in the Register's Office of Shelby County, Tennessee, in June of 1939, which stated "that I acquired this property by deed dated June 10th, 1914 from W.D. Matthews and wife, said deed being of record in Book 595 page 64 in the Register's Office of this County, and that I have been in actual possession of said premises since the date of said deed; and that during all of said period, and as I am informed, prior thereto, the above mentioned driveway, which lies partly on my property and partly on the adjoining property to the east, has been rocognized [sic] and used by the owners of said adjoining property as a joint driveway; that no question as to my right to use that part of said drive located on the property has ever been raised."

On November 16, 1982, the property was sold to Isabell Utz and her mother, Evelyn Alice Utz, as joint tenants with the right of survivorship. The defendant became sole owner of the property upon the death of her mother.

The property which is now known as 1641, 1643, and 1645 York Avenue was conveyed to Carlton A. Knight by Robert H. Morris and wife on September 5, 1950. Thereafter, Mr. Knight married and by deed dated September 19, 1957, he created a tenancy by the entirety with his wife,

Elizabeth Knight. Upon his death in June 1982, she became the sole owner of the property. It has been used as a triplex since 1953. The plaintiff testified that the driveway had been used jointly during the period of time since she has lived there until the erection of the fence and the incidents which led to this litigation. The driveway is not mentioned in any of the deeds in either chain of title.

The instant case is factually similar to *Jones v. Ross,* 54 Tenn.App. 136, 388 S.W.2d 640 (Tenn.App.1963), wherein adjoining property owners were separated by a concrete driveway which lay partially on the property of each landowner. The defendants in that case erected a brick wall down the driveway and thereby excluded the plaintiff from the use of the driveway. The Chancery Court ordered removal of the wall, and the defendants appealed. The Court of Appeals affirmed and found there was an easement by prescription, stating:

Apparently the court below did not consider the question of the establishment of reciprocal easements by prescription and the solicitors have not argued the theory before this court. The general rule is stated in 28 C.J.S. Easements sec. 18(j.) page 673:

"j. Mutual Way between Adjoining Landowners

"The mutual use by adjoining landowners of a way laid out between their lands, each devoting a part of his land to the purpose, will generally be considered adverse to a separate and exclusive use of the way by either owner.

"As stated in Corpus Juris, which has been cited and quoted with approval, while there are some decisions to the contrary, the weight of authority is to the effect that, where adjoining proprietors lay out a way or alley between their lands to that purpose, and the way or alley is used for the prescriptive period by the respective owners or their successors in title, neither can

obstruct or close the part which is on his own land; and in these circumstances the mutual use of the whole of the way or alley will be considered adverse to a separate and exclusive use by either party. However, where the owners of land used an alleyway for their mutual convenience, the user being occasional, permissive, and for broken periods of time, no right of way in the alley was established by prescription."

The same rule is announced in 17 Am. Jur., 682—EASEMENTS, Section 70:

"Private Ways, Generally; Use in Common by Adjacent Owners.—As is true of easements generally, it is well established that rights of way may be acquired by prescription. The presumption of grant heretofore referred to generally is applied in respect of private ways. While theoretically a right of way cannot be acquired by the operation of the statute of limitations, since it is not a subject of constant, exclusive, and adverse possession, if a way has been enjoyed for a long time under circumstances which would be sufficient, under the local statute of limitations, to bar a recovery of real estate, there is a presumption of grant, the evidence of which has been lost. "In the great majority of cases in which a lane, private road, alley, driveway, or passageway lying over and along the boundary between lots or tracts of land has been used without interruption by the adjoining owners for the full prescriptive period, and for a common purpose, and without any oral agreement therefor being shown, the user of each owner has been regarded as adverse to the other and the claim of a prescriptive easement by either party against the other has been upheld. There is, however, some authority to the contrary. However, a use by adjoining owners, and for a common purpose, of a strip of land lying over and along their boundary, occurring pursuant to an oral agree-

ment, may or may not certain the elements of adverse use as between the owners. The inquiry in such a case depends upon the terms and true intent of the agreement and upon the circumstances and the facts relative to the use."

It was the contention of the defendants in *Jones v. Ross* that the usage of the driveway was by permission only, but in addition to the foregoing authorities the Court of Appeals also cited *Plaza v. Flak, et al,* 7 N.J. 215, 81 A.2d 137, 27 A.L.R.2d 324, in which the New Jersey Supreme Court stated: "The mutual use of the whole of such alley or way will be considered adverse to a separate or exclusive use by either." The New Jersey Court concluded by saying:

The evidence in the instant case points clearly not to permissive use, but to acquiescence in the claim of right made by plaintiff and his predecessors in title.

See also *German v. Graham,* 497 S.W.2d 245 (Tenn.App.1972).

■ The defendant contends that the plaintiff abandoned or forfeited the easement as a result of misuse, change, or overburdening of the passageway. The Chancellor found "that the driveway area has been subjected to a greater amount of use and volume of traffic than that which was originally contemplated when the joint driveway was created and that there have been actions between the parties, which would amount to a dissolution of the easement right." The defendant relies upon *Adams v. Winnett,* 25 Tenn.App. 276, 156 S.W.2d 353 (Tenn.App.1941), which held, citing 17 Am.Jur. 996, § 98:

The use of an easement must be confined strictly to the purposes for which it was granted or reserved. A principle which underlies the use of all easements is that the owner of an easement cannot materially increase the burden of it upon the servient estate or impose thereon a new and additional burden.

**164**

It should be noted, however, that the remedy in *Adams v. Winnett* was not to declare an abandonment or forfeiture of the easement, but rather to enjoin the unauthorized use. The Court said: "The defendants have a remedy against the complainants for the trespass and may be entitled to an injunction to prohibit trespass if complainants continue to use the easement for post office and theatre purposes." 156 S.W.2d at 358. We have been unable to find any case in Tennessee in which misuse or expanded use of an easement results in forfeiture. Further, the Knight property had been used as a triplex since 1953, according to the testimony of the plaintiff, and such was its usage in 1962 when the defendant and her mother purchased the adjoining property.

The defendant complained that tenants of the plaintiff parked in the driveway and otherwise occupied the space in such a way as to limit her use and enjoyment of the passage. We do not find, however, that this type of use constitutes an abandonment. At most it would be a trespass resulting from unauthorized usage and the proper remedy would be to enjoin such conduct and to permit the defendant to enjoy equal access and utilization of the driveway. In the Restatement: Property, § 477, comment b, it is said:

> [N]o use can ever be exactly duplicated. If any practically useful easement is ever to arise by prescription, the use permitted under it must vary in some degree from the use by which it was created. Hence, the use under which a prescriptive interest arises determines the general outlines rather than the minute details of the interest.

The decision of the Chancellor is reversed, and the matter is remanded for issuance of a mandatory injunction requiring that the fence be removed and that the driveway be restored to its previous condition. The Chancellor is further directed to conduct such other proceedings and to issue such other orders as may be necessary in order to assure the equal and peaceful use of the easement by the parties to this action and to award such damages, if any, as the proof may merit. Costs are adjudged against the defendant-appellee.

TOMLIN and CRAWFORD, JJ., concur.