**John LITTLE, Plaintiff–Appellant,**

v.

**Harriet Elsie PADUCH, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 24, 1995.

Permission to Appeal Denied by Supreme Court Oct. 30, 1995.

Lois B. Shults, Shults & Shults, Erwin, for appellant.

Earl R. Booze, Johnson & Booze, Johnson City, for appellee.

## *OPINION*

McMURRAY, Judge.

The appellant instituted this action against Ben A. Paduch, Jr., and the appellee, Harriett Elsie Paduch, seeking to have the defendants permanently enjoined from trespassing on property claimed by the appellant and asking for damages for trespass. The defendants filed an answer and counter-claim. In their answer, the defendants averred that the property in question was a public road and that the defendants as well as the public have an easement across the appellant's lands. In the counter-complaint, the defendants alleged that the appellant had encroached and trespassed on their property by erecting a fence enclosing a portion of their property. They asked the court to require the removal of the fence and for damages for trespass. The defendants subsequently amended their counter-claim to seek a declaratory judgment to determine the rights of the parties with respect to the roadway in question. They alleged that there had been an implied dedication by means of use by the public and acceptance with the intention of the owner that the road become public or that the property had been used for a period of time in excess of 30 years continuously, thereby creating a prescriptive right as a public way. The appellant in his answer to the counter-claim denied that he had encroached upon the defendant's property.

The parties stipulated that Ben A. Paduch, Jr., one of the defendants, had no ownership in the property and that he did not partici-

pate in any trespass. He was dismissed as a party to this action.

The trial court, after a bench trial, dismissed the trespass action of the plaintiff on "motion for directed verdict."[1] The court further determined that the roadway in question was not a public way but that the defendant-appellee had an easement for the purpose of ingress and egress which "shall be of sufficient width to serve the property which is presently owned by the defendant, Harriet Elsie Paduch, and is listed in the Office of the Tax Assessor for Unicoi County as Map 3, Parcel 3." The court further determined that the easement "shall generally lie along the road bed or a roadway which has historically existed along the common boundary of the property owned by the plaintiff, John Little...." He further found that the roadway extends from Whispering Pines Road to property of the defendant along and parallel to the common boundary of Little and Simmerly on the property of the plaintiff.

The court further ordered that "should Whispering Pines Subdivision merge with said property [the defendant's property], the defendant shall delineate a line of demarcation between her property and Whispering Pines Subdivision on all future plats of survey filed of record to indicate what portions of the defendant's property are served by the easement."

As to the tract of land claimed by the appellee between Whispering Pines Road and the appellant's fence line, the court determined that the boundary line is established by the fence line which is presently in place and that all property lying between the fence line of the plaintiff [appellant] and the northerly sideline of Whispering Pines Road belonged to the defendant [appellee].

As to the respective actions for trespass, the court refused to award damages to either party.

From this order of the trial court the appellant perfected his appeal and presents the following issues for our consideration:

1. Whether the trial court erred in decreeing a private easement of greater width and for use by more tracts of land than as originally established?

2. Whether the trial court erred in recognizing defendant-appellee's claim to land for which no taxes had been assessed or paid for a period in excess of twenty years and which defendant-appellee's recorded plat dedicated for public use?

It is not clear from the appellee's brief whether or not an additional issue is presented for our consideration. There is no statement of the issues presented as such. The appellee does, however, in his argument, state the first issue in a substantially different form, i.e., "[t]he trial court erred in failing to find that the roadway in dispute had been dedicated for public use." Our disposition of the appellant's first issue is dispositive of the issue as stated by the appellee.

In an appeal of a non-jury case, this court's review is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of its findings, unless the preponderance of the evidence is otherwise. Tennessee Rules of Appellate Procedure, Rule 13(d). No presumption attaches to the trial court's conclusions of law. In a *de novo* review, the parties are entitled to a reexamination of the whole matter of law and fact and this court should render the judgment warranted by the law and evidence. *Thornburg v. Chase*, 606 S.W.2d 672, 675 (Tenn.App.1980); *American Buildings Co. v. White*, 640 S.W.2d 569, 576 (Tenn.App.1982); Tennessee Rules of Appellate Procedure, Rule 36.

We find the court's judgment to be somewhat ambiguous. We will, therefore, turn to his memorandum opinion rendered from the bench for enlightenment. (The memorandum opinion was incorporated into the final judgment by reference.) In his memorandum opinion, the trial court stated: "[t]he court does hold that the Paduchs [appellee] has (sic) an easement on this property

---

1. We note that a motion for a directed verdict in a non-jury case is an improper motion. A mo-

tion to dismiss is procedurally more appropriate.

to the home of Mrs. Paduch. Now, this road—and this easement runs with the land. The court holds that this easement, however, is not to be used by the development. In other words, this is, this is a (sic) easement to the Paduch home property; not to the tract as a development." From the memorandum opinion, it seems clear that the trial court expressly intended the easement to be an easement, appurtenant to the land, which could not be further burdened by being used for ingress and egress to a subdivision. We interpret the court's final judgment relating to the existence of the easement to be limited to ingress and egress to the Paduch home and nothing more.

With regard to the existence of the easement, we are of the opinion that the preponderance of the evidence overwhelmingly supports the findings of the trial court. Further, we agree that the easement in question is not a public way. We must look further, however, to ascertain the extent of the easement. "[An] easement for the benefit of one piece of land cannot be enlarged and extended to other adjoining lands to which no right is attached." *Adams v. Winnett,* 25 Tenn. App. 276, 156 S.W.2d 353 (Tenn.1941). *See also House v. Close,* 48 Tenn.App. 341, 346 S.W.2d 445 (1961).

The use of an easement must be confined strictly to the purposes for which it was granted or reserved. A principle which underlies the use of all easements is that the owner of an easement cannot materially increase the burden of it upon the servient estate or impose thereon a new and additional burden. (Citations omitted).

\* \* \* \* \* \*

A fundamental principle is that an easement for the benefit of a particular piece of land cannot be enlarged and extended to other parcels of land, whether adjoining or distinct tracts, to which the right is not attached. In other words, an easement appurtenant to a dominant tenement can be used only for the purposes of that tenement; it is not a personal right, and cannot be used, even by the dominant owner, for any purpose unconnected with the enjoyment of his estate. *The purpose of this rule is to prevent an increase of the burden upon the servient estate, and it applies whether the easement is created by grant, reservation, prescription or implication.* (Citations omitted and emphasis added).

A principle which underlies the use of all easements is that the owner thereof cannot materially increase the burden of it upon the servient estate, nor impose a new and additional burden thereon. \* \* \* (Ellipsis in original) It may be said in general that if an easement is put to *any use* inconsistent with the purpose for which it was granted, the grantee becomes a trespasser to the extent of the unauthorized use. (Citations omitted and emphasis added).

*Adams v. Winnett,* supra 156 S.W.2d at page 357.

Under the authorities above cited, we concur with the conclusion that the easement is limited to ingress and egress to the Paduch home.

We must next examine the bounds of the easement. Again, the trial court's final judgment is ambiguous. The trial court granted the easement "of sufficient width" to serve the property presently owned by the defendant. We are of the opinion that the trial court's judgment is accurate as to the location of the easement but the judgment must be modified to more succinctly state the dimensions of the easement.

A multitude of maps, plats, surveys and partial surveys were introduced into evidence in the case. However, none were particularly helpful to the court in determining the bounds of the easement. Perhaps the most cogent evidence was that of Mr. Rowland Clinton Barker, a licensed land surveyor. He testified by deposition as follows:

Q. In your map that you've done of that road I don't notice any designated width on what you, you've drawn. Why is that?

A. The, on the roadbed, it, it varies from about 16 feet up to maybe 22 and 23 feet down through there. But there, we went directly to the center of the roadbed. And there's been a road, or a ditch cut up

to the one side. Well, both sides really on part of it.

Q. My question is why didn't you designate a width.

A. Well, I was telling you, it was different widths.

\* \* \* \* \* \*

Q. How wide—

A. This road here is 16 foot wide. I can tell you that. And her [appellee] driveway is 12 foot wide out to here. And it's anywhere from 16 feet here to where it goes across the creek....

The testimony further revealed that the "old wooden bridge" which crossed a stream when the roadway was regularly used was sufficient for a vehicle to "go across pretty easy."

We are of the opinion that an easement 16 feet in width is sufficient to accommodate modern vehicles traveling in one direction on the easement. We believe this to be in keeping with the trial court's intents, i.e., "[t]he easement is going to be such as to permit normal ingress and egress and normal travel." In view of the testimony on the point, we find that the width of the easement should be 16 feet and accordingly modify the judgment of the trial court to so reflect.

■ We next turn our attention to the question presented by appellant's second issue. As hereinbefore noted, the court determined that as to the property between Whispering Pines Road and the appellant's fence line, the fence line constituted the boundary lines of the parties. The appellant asserts that the appellee is barred from bringing any action to recover the property by the express terms of T.C.A. § 28–2–110, which provides in pertinent part as follows:

28–2–110. Action barred by nonpayment of taxes.—(a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom he claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years,

shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.

The appellant asserts that the foregoing is a statute of limitations and is required to be pled affirmatively pursuant to Rule 8.03, Tennessee Rules of Civil Procedure. We note that the foregoing statute is unlike most statutes of limitations in that it totally bars a party from coming into any of the courts of this state if the conditions of the statute apply, whereas, true statutes of limitations generally state the period of time within which an action must be brought. Statutes of limitation are generally an affirmative defense which must be raised by the pleadings.

In this case, we do not find it necessary to determine whether Rule 8, Tennessee Rules of Civil Procedure, applies to the facts and circumstances of this case. The plaintiff-appellant does not assert in his pleadings at any time that the property in question belonged to him. On the contrary, the plaintiff-appellant specifically asserts that his fence line is the boundary line between the two properties.

The counter-complaint alleged that the Whispering Pines Road was located completely on Ms. Paduch's property and that a small strip of land on the north side of Whispering Pines Road belonged to her. She alleged that the appellant had encroached upon her property by erecting a barbed wire fence thereon. As a part of the relief sought she asked that the appellant be required to remove the barbed wire fence.

In response to the counter-complaint the appellant in his answer asserted that "the only fence erected by him in the area of the line referred to in the defendant's counter-claim was rebuilt by the old fence which was built in 1921, and that the parties hereto are taxed in accordance with the boundary lines which run along this fence line...." Since the appellant took the position that the fence line was the proper boundary line he will not now be heard to complain that the boundary was elsewhere. We find appellant's second issue to be without merit.

We affirm the judgment of the trial court except as herein modified and remand the cause to the trial court for entry of a judgment consistent with this opinion. Costs incident to this appeal are, in our discretion, taxed equally to the parties.

We note that the record on this appeal contains numerous documents that should not have been included. The attention of counsel for the parties and the clerk of the trial court is directed to Rules 24 and 40, Tennessee Rules of Appellate Procedure, for future guidance.

GODDARD, P.J., and SUSANO, J., concur.