IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 11, 2014 Session

**ROBIN D. WILSON, ET AL. v. JOSEPH M. WEESE, ET AL.**

**Appeal from the Chancery Court for Monroe County**
**No. 16751    Hon. Jerri Bryant, Chancellor**

_____

**No. E2013-00184-COA-R3-CV-FILED-JUNE 25, 2014**

_____

In this case, the plaintiffs alleged that their easement rights had been interfered with by the defendant property owners. The trial court determined, inter alia, that the defendants, subject to the provisions in the deed at issue, could exclude all others from their property. The plaintiffs appeal. We affirm the determination of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Steven B. Ward, Madisonville, Tennessee, for the appellants, Robin D. Wilson, Gerald W. Wilson, II, Shirley Viera, Juan Viera, Jr., and Carolyn F. Butler.

William Tyler Weiss, Madisonville, Tennessee, for the appellees, Joseph M. Weese, Dean J. Weese, and Lisa Shaw.

**OPINION**

**I.  BACKGROUND**

The real property at issue is almost entirely covered by a private lake ("Lake Butler"), improved by a dam and over-flow pipe. The parcels of property of the interested parties have a common predecessor-in-title in Woodrow Butler and Pauline Butler, now both deceased.

In October 2009, Joseph M. Weese purchased the approximately 5.22 acre tract of land from Ronnie G. Harris, who had bought it at a public auction. Dean J. Weese, Joseph's

brother, and Lisa Shaw began residing part-time in a camper on the property.

According to the Clerk and Master's deed ("the Deed"), the relevant easement provisions of the Lake Butler property provide as follows:

A permanent non-exclusive easement over and across the fifty-foot-wide (50') right of way, twenty-five feet (25') each side of the centerline of (Gin) Seng Garden Road, Monroe County Road No. 514, for ingress and egress and installation and maintenance of utilities to and from Rafter Road, Monroe County Road No. 512.

SUBJECT to the fifty-foot-wide (50') right of way, twenty-five feet (25') each side of the centerline of (Gin) Seng Garden Road, Monroe County Road No. 514.

SUBJECT to all existing roads and rights-of-way, whether shown on said Plat or not, or record or not, visible and invisible, particularly those roads used by owners of property that adjoins Lake Butler for ingress and egress to and from (Gin) Seng Garden Road, regardless of the availability of other access.

SUBJECT to the impound of said Lake Butler at the elevation of the top of the existing dam pursuant to the permanent injunction issued in *Butler v. Butler*, Monroe County Chancery Court No. 15,971, enjoining the destruction, damage and disturbance of the Lake Butler Dam.

SUBJECT to the right of all the owners of property adjoining said Lake Butler, and their heirs, successors and assigns, to access to all of said Lake Butler for maintenance of the dam and the lake for sunning, bathing, fishing and other recreational activities.

SUBJECT to the obligation to share the costs of maintenance of the dam and the lake, including any cost to improve the road that provides access to Lake Butler, equally with each of the owners of property adjoining said Lake Butler, and their heirs, successors and assigns.

SUBJECT to a fifty-foot-wide (50') right of way over and across the eastern end of the tract herein conveyed for ingress and egress to and from the 17.3 acre tract of land of Keith Butler and wife, Linda Butler, their heirs and assigns, identified by the Assessor of Property of Monroe County, Tennessee at Map 138, Parcel 005.15 and (Gin) Seng Garden Road, Monroe County Road

No. 514.

SUBJECT also to the following Restrictions and Conditions recorded in W.D. Book 262, page 140, which shall run with the land, to-wit:

ROAD MAINTENANCE All parties agree that there is a road that runs across the property from (Gin) Seng Garden Road to the dam area for the primary purpose of providing equipment access to the dam area for future improvements or any required maintenance and that this road cannot be closed off or access barred to owners of the lake and block house property for the purposes of maintenance. However, a gate can be put at the (Gin) Seng Garden Road access providing all owners of the "lake property" and both Robin D. Wilson and husband, Gerald W. Wilson, II, and Shirley Grace Viera and husband, Juan Viera, are hereby given a key.

SUBJECT to all prior easements, rights of way and restrictions, visible or otherwise, and SUBJECT to any governmental zoning or regulations and subdivision ordinances or regulations in effect with respect to the property.

On July 21, 2010, owners of property adjacent to Lake Butler -- Robin D. Wilson, Gerald W. Wilson, Shirley Viera, Juan Viera, Jr., and Carolyn F. Butler (collectively, "the Easement Owners") -- filed this action alleging that their easement rights were being interfered with by the actions of Joseph M. Weese, Dean J. Weese, and Lisa Shaw ("the Property Owners"). The Property Owners denied the allegations and filed a counter-claim, in which they alleged the Easement Owners had been using the easement rights in a manner exceeding the provisions of the Deed.

A trial was conducted over three non-consecutive days. On September 14, 2012, the trial court found that: (a) this matter is controlled by a previous case, *Butler v. Butler*, Monroe County Chancery Court, Docket No. 15,971, and (b) the property at issue was bought by the Property Owners subject to the stated easements in the Deed, W.D. Book 336, Page 637. The court's order provided, in pertinent part, as follows:

Concerning the dam access road, ***the Court found that the dam access road may only be used for accessing the dam area for the purposes of: (1) making improvements to the dam, (2) providing maintenance of the dam, and (3) providing any equipment for such improvements and maintenance.*** The Court also found that no one may close off or bar access to the dam access road by placing a gate, wire, or other objects on the dam access road. However, a gate may be placed across the dam access road as long as the

Weeses are given a key. Additionally, the Court found that both parties can maintain the dam access road if necessary.

Concerning the [Gin]Seng Garden Road Easement, the Court found that, pursuant to the terms of Clerk and Master's Deed, there is a permanent non-exclusive easement over and across the fifty-foot (50') right-of-way, twenty-five (25') each side of center line, of [Gin]Seng Garden Road. The Court also found that the [Gin]Seng Garden Road Easement may only be used for the purposes of ingress and egress, and the installation and maintenance of utilities to and from Rafter Road. Further, the Court found that a gate may be placed across the entrance to [Gin]Seng Garden Road from Rafter Road provided that all parties have access or are provided a key. Additionally, the Court found that the Weeses['] camper located on the [Gin]Seng Garden Road Easement does not restrict the use of the easement for any of its stated purposes, and that the Weeses may keep their camper in its current location provided that it does not become a permanent structure. However, the Weeses must be able to clear their camper or other personal property from the easement within a reasonable amount of time if it becomes necessary to utilize the entire [Gin]Seng Garden Road Easement for any of its stated purposes.

Moreover, ***the Court found that the Weeses are the sole owners of the Lake Butler Property, including the area referred to as the "boat ramp"***; that the Weeses' ownership and use of the Lake Butler Property is subject only to the easements as stated in the Clerk and Master's Deed; that ***the Weeses may exclude all others from the Lake Butler Property, including the area referred to as the "boat ramp"***; that, pursuant to the terms of the Clerk and Master's Deed, ***the parties may access the waters of Lake Butler provided that they do so from their own property and not from the property owned by the Weeses; and, that the dam area itself was to be used only for maintenance of the dam and not for fishing, driving four wheelers, or any other activities***.

Lastly, the Court found that both parties acted outrageously, but that both parties failed to show any fraud, maliciousness, or damage to the Lake Butler Property. As a result, both parties have failed to substantiate their claims for outrageous conduct.

(Emphasis added.).

The Easement Owners filed a motion for a new trial or to alter or amend, alleging that there is no other place to access Lake Butler with a boat other than the boat ramp and that

-4-

their property is not suitable for accessing the lake. They further contended that the trial court's interpretation of the Deed was overly restrictive. After the motion for a new trial was denied, the Easement Owners filed a timely notice of appeal.

Subsequent efforts by the Easement Owners to submit a proper statement of the evidence were found to be noncompliant with Rule 24(c) of the Tennessee Rules of Appellate Procedure. In its order rejecting the statement of the evidence, the trial court noted as follows:

> At trial, parties stipulated each had a right to use the private lake owned by the Defendant by using their <u>own</u> property. Defendant contested the use of his property for ingress to the lake by others. No issue was made as to the correctness of the deeds. This case involves an interpretation of the deeds.

## II. ISSUES

The issues raised on appeal by the Easement Owners are restated as follows:

a. Whether the court erred by restricting the Easement Owners' access to the boat ramp, thereby preventing them the benefit of their easement.

b. Whether the court erred by unreasonably restricting access to the dam, in that the order goes beyond the plain language of the Deed.

The issue as phrased by the Property Owners reads:

> Whether the trial court was correct in its interpretation of the Deed and by declaring that the Property Owners, subject to the stated easements, could exclude all others from their property.

## III. STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008). It is a matter of law when a court interprets a deed. *Rodgers v. Burnett*, 65 S.W. 408, 410 (Tenn. 1901).

## IV. DISCUSSION

"An easement is a right an owner has to some lawful use of the real property of another." *Cellco P'ship d/b/a Verizon Wireless v. Shelby Cnty*, 172 S.W.3d 574, 588 (Tenn. Ct. App. 2005) (quoting *Pevear v. Hunt*, 924 S.W.2d 114, 115 (Tenn. Ct. App. 1996)). It is a privilege to use the land of another. *Yates v. Metro. Gov't of Nashville & Davidson Cnty*, 451 S.W.2d 437, 440-41 (Tenn. Ct. App. 1969). When an easement is created by an express grant, the extent and any conditions on the easement must be determined by the grant. *Foshee v. Brigman*, 129 S.W.2d 207, 208 (Tenn. 1939). An express grant of an easement is a right conveyed by deed. *See, e.g., Mitchell v. Chance*, 149 S.W.3d 40, 47 (Tenn. Ct. App. 2004).

"A principle which underlies the use of all easements is that the owner of an easement cannot materially increase the burden of it upon the servient estate or impose thereon a new and additional burden." *Adams v. Winnett*, 156 S.W.2d 353, 357 (Tenn. Ct. App. 1941). "A grant or reservation of easement in general terms is limited to use which is reasonably necessary and convenient, and as little burdensome to servient estate as possible for use contemplated." *Id.* "It may be said in general that if an easement is put to any use inconsistent with the purpose for which it was granted, the grantee becomes a trespasser to the extent of the unauthorized use." *See Shew v. Bawgus*, 227 S.W.3d 569, 577 (Tenn. Ct. App. 2007).

The Easement Owners argue that the Deed language before us is broad and does not have specific limitations on its meaning. They posit that nothing in these provisions restricts their access to the dam or its road to only maintenance purposes. They contend that the term "other recreational activities" would include boating, thereby creating an expectation that the boat ramp would be used. Thus, the Easement Owners assert that use of the boat ramp is reasonably necessary for the convenient enjoyment of the servitude. They argue that such use would not cause any damage to the servient estate or interfere with its enjoyment.

According to the Deed, the Easement Owners have a non-exclusive easement over the Lake Butler property's roads and right-of-ways for ingress and egress, the placement and maintenance of utilities, and the maintenance of the dam, along with the right to access the waters of Lake Butler. However, as noted by the trial court, the Deed does not allow the Easement Owners to occupy property owned by others while enjoying the waters of Lake Butler and does not allow them to access the waters of Lake Butler from property owned by others.

Our review of this record reveals the easement is non-exclusive and is simply for

"ingress and egress and installation and maintenance of utilities" to and from and over GinSeng Garden Road, which connects to Rafter Road. Under the Deed provisions, the only time it would be permissible for the Easement Owners to occupy any portion of the dam would be to provide necessary maintenance to the dam. Accordingly, the trial court was correct in holding that "the dam area itself may only be used for maintenance of the dam." Likewise, the court properly held that the Easement Owners could not use the easements for any other purpose on property owned by the Property Owners.

Generally, "[a]n artificial lake located wholly on the property of a single owner is his to use as he sees fit, provided, of course, that the use is lawful." *Sullivan v. Viar*, 1986 WL 3334, at *3 (Tenn. Ct. App. Mar. 14, 1986) (quoting *Mayer v. Grueber*, 138 N.W.2d 197, 204 (Wis. 1965)). The Easement Owners in this case own littoral property adjacent to Lake Butler and do not have a property interest in the bed of the lake. Pursuant to the terms of the Deed, the Easement Owners' rights allow them access to the waters of Lake Butler. However, their activities must be confined to the waters, not the property or shoreline owned by others abutting the lake. Access to the waters of Lake Butler must be gained from their own property. Allowing the Easement Owners to park vehicles on the easements or occupy any land owned by others abutting Lake Butler would allow the Easement Owners to use their interests beyond the manner provided for in the grant and would create an additional burden on the servient property.

## V. CONCLUSION

The judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to the appellants, Robin D. Wilson, Gerald W. Wilson, II, Shirley Viera, Juan Viera, Jr., and Carolyn F. Butler.

_____
JOHN W. McCLARTY, JUDGE