IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2017 Session

**NASHBORO GOLF COURSE, LLC V.
TOWNHOMES OF NASHBORO VILLAGE, L.P. ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 14-439-III     Ellen H. Lyle, Chancellor**

_____

**No. M2017-00226-COA-R3-CV**

_____

This action involves claims relating to the relocation of an approximate ten-foot wide golf cart path located on an easement granted in 1996. The plaintiff owner of the easement sought, inter alia, an injunction and compensatory and punitive damages for the interference with the easement. The case proceeded to a hearing on cross-motions for summary judgment, after which the court granted summary judgment in favor of the defendant owner of the servient property and the defendant construction company that relocated the path. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and RICHARD H. DINKINS, J., joined.

Thomas B. Luck, Nashville, Tennessee, for the appellant, Nashboro Golf Course, LLC.

J. Ross Pepper, Matthew E. Pulle, and Sara R. Ellis, Nashville, Tennessee, for the appellee, Townhomes of Nashboro Village, LP.

Gregory L. Cashion and J. Ross Hutchison, Nashville, Tennessee, for the appellee, Bacar Construction, Inc.

**OPINION**

## I. BACKGROUND

Nashboro Golf Course, LLC ("Plaintiff"), with David Waynick serving as the sole member and trustee of the company, purchased a parcel of land via a warranty deed consisting of a golf course and improvements on February 6, 2012. The purchase included four golf cart path easements provided for in the warranty deed, two of which are at issue here. The warranty deed provided, in pertinent part, as follows:

> Together with and including a non-exclusive perpetual easement for a golf cart path for use by Grantee, its agents, contractors, employees and invitees, on, over and across the paved cart paths on the [] described property[.]

The deed then set out the metes and bounds of each of the four cart paths.

In 2013, Townhomes of Nashboro Village, LP, ("Townhomes"), the current owner of the servient property, contracted with Bacar Constructors, Inc. ("Bacar") (collectively "Defendants") to build affordable housing on the servient property. Townhomes later learned that the project was eligible for an additional $500,000 in funds if it built five handicapped parking spaces on the property. One such potential parking space was located on a portion of the existing golf cart path easement owned by Plaintiff.

The existing golf cart path at issue was not located entirely on the easement provided for in the warranty deed. Defendants advised Plaintiff of this fact before relocating a portion of the easement onto the servient property and building a handicapped parking space where the cart path once meandered. The new path was also not located entirely on the easement provided for in the warranty deed; accordingly, Townhomes issued a warranty deed providing a new easement for the current placement of the path during the pendency of this litigation on June 23, 2016.

On March 28, 2014, Plaintiff filed suit against Defendants, essentially alleging that it never consented either verbally or in writing to the relocation of the existing golf cart path. An amended complaint was filed on February 9, 2016, in which Plaintiff sought an injunction and damages based upon a plethora of claims, including causes of action for (1) trespass/interference, (2) misrepresentation, and (3) slander and/or libel of title based upon the filing of documents necessary to secure permits for construction. Plaintiff also sought a claim for a (4) prescriptive easement based upon the location of a sign identifying the golf course. Defendants denied wrongdoing, and sought partial summary judgment on the first three claims. Plaintiff sought summary judgment on all claims.

Plaintiff, through the deposition testimony of several witnesses, asserted that the new location of the path, while now paved, was not as convenient as the old location. Plaintiff admitted that golfers are able to transverse the path with golf carts but claimed that the staff cannot transport the turf equipment on the path because the incline increased from approximately 11 percent to 19 percent. Instead, the staff must now take the access road, causing delays between 5 to 10 minutes. Plaintiff claimed that the incline caused strain on the heavy equipment and had also caused some damage to the golf carts. Plaintiff asserted that some golfers had complained and that trash and other debris littered the cart path as a result of the incline and placement of the new cart path. Plaintiff conceded that it could not quantify the amount of damage sustained and failed to estimate any loss of business as a result of the relocation. Plaintiff later claimed that it was entitled to damages in the amount of "between $140,000 and $180,000" based on the value of the handicapped spot that was built as a result of the relocation of the path.

The case proceeded to a hearing on the cross-motions for summary judgment, after which the court granted summary judgment in favor of Defendants and dismissed the action in its entirety. First, the court ruled that any claims for intentional and/or negligent misrepresentation and slander and/or libel of title must be dismissed for failure to establish damages. The court further ruled that any claim of recovery for monetary damages for trespass must be dismissed as well. Relative to Plaintiff's request for an injunction, the court found that Defendants had not unreasonably interfered with the use of the easement when the relocated path provided the same rights anticipated in the original warranty deed and now reflected in the new easement outlining the parameters of the relocated path. The court noted that the original deed described easements for the use of a "golf cart path," not a dedicated roadway and that any minimal delay caused by the relocation would not rise to the level of unreasonable interference. Lastly, the court sua sponte dismissed Plaintiff's claim for a prescriptive easement, finding that Plaintiff failed to establish that the location of the sign was adverse, under a clam of right, or continuous for the requisite time period. This timely appeal followed the court's denial of a motion to alter or amend and grant of Defendants' discretionary costs.

## II.   ISSUES

We consolidate and restate the issues on appeal as follows:

A.    Whether the court erred in granting summary judgment.

B.    Whether the court erred in awarding discretionary costs.

C.    Whether Townhomes is entitled to attorney fees on appeal.

### III. STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). When a properly supported motion is made, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

### IV. DISCUSSION

#### A.

Here, Plaintiff appeals the summary judgment dismissal of its claims for (1) trespass/interference; (2) misrepresentation; (3) slander of title; and (4) prescriptive easement. Plaintiff also claims that the court erred in denying its claim for unjust enrichment. Defendants respond that the summary judgment dismissal was appropriate and that any claim for unjust enrichment has been waived on appeal.

As a threshold issue, we must address Plaintiff's claim of unjust enrichment. This was not included in the complaint as a separate cause of action. The only mention of a claim of unjust enrichment was in the prayer for relief as follows:

> Plaintiff prays as follows: . . . For judgment against Defendants for compensatory damages arising from trespass, negligence, intentional or negligent interference with use of easement, intentional misrepresentation, negligent misrepresentation, slander and/or libel of title, and unjust enrichment jointly and severally, in an amount to be determined by the court.

Plaintiff did not allege the elements of unjust enrichment or include the claim in its motion for summary judgment. Accordingly, the court did not rule upon any claim of unjust enrichment. With these considerations in mind, we conclude that the claim was not properly pled or considered at the trial court level and must now be waived on appeal. A party may not offer a new issue for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell Cnty. Bd. of Educ. v. Brownlee–Kesterson, Inc.*, 677 S.W.2d 457, 466-67 (Tenn. Ct. App. 1984)). "The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver." *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted).

Next, we must affirm the court's summary dismissal of the claims for misrepresentation and slander of title for failure to set forth any facts establishing monetary damages. Indeed, a claim for slander of title requires the plaintiff to establish proof of the following elements:

> (1) that it has an interest in the property, (2) that the defendant published false statements about the title to the property, (3) that the defendant was acting maliciously, and (4) that the false statements proximately caused the plaintiff a pecuniary loss.

*Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. App. 1999) (quotations and citations omitted). Likewise, a claim of misrepresentation, whether intentional or negligent, requires proof of pecuniary loss as a result of the misrepresentation. *Hodges v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012); *see also* Restatement (Second) of Torts § 552(1) (1977) (setting forth the elements of negligent misrepresentation). Here, the record is devoid of evidence establishing any claim for pecuniary loss relating to the relocation of the golf cart path or misrepresentations concerning the relocation.

Next, we address Plaintiff's claims concerning the relocation of the path itself, raised as a claim of trespass or unreasonable interference. Tennessee case law confirms that the rights of the holder of the easement are "paramount" to those of the servient landowner and that the landowner "cannot take actions that unreasonably interfere" with the rights "under the easement, including any alterations" to the property itself. *Cox v. E. Tenn. Natural Gas Co.*, 136 S.W.3d 626, 628 (Tenn. Ct. App. 2003). Similarly, "the owner of an easement cannot materially increase the burden of [the easement] upon the servient estate or impose thereon a new and additional burden." *Adams v. Winnett,* 156 S.W.2d 353, 357 (Tenn. Ct. App. 1941). "A grant or reservation of easement in general terms is limited to use which is reasonably necessary and convenient, and as little burdensome to servient estate as possible for use contemplated." *Id.*

"To prevail in an action for unreasonable interference with the use of an easement, the owner of the easement must prove the following elements: (1) the existence of the easement, (2) unreasonable interference with a legitimate use or purpose of the easement; and (3) actual damage to the easement holder's use. *Curtis v. Parchman*, No. M2013-01489-COA-R3CV, 2014 WL 819424, at *7 (Tenn. Ct. App. Feb. 27, 2014) (citation omitted). Again, Plaintiff cannot establish any type of actual damage as a result of the relocation of the golf cart path. Plaintiff was provided with a new golf cart path suitable for the purpose of the original easement, a path for golf carts. Further, given the facts provided, we cannot hold that the interference presented here was unreasonable and must affirm the court's dismissal of this claim.

Lastly, we consider Plaintiff's claim of prescriptive easement concerning the location of a sign advertising the golf course. Plaintiff claimed that the sign has been in that location for more than 20 years and that the sign has been adverse, under a claim of right, continuous, uninterrupted, open, visible, exclusive, and with the knowledge and acquiescence of the servient landowner, Townhomes. In support of its claim, Plaintiff attached an affidavit from Britt Gober, a long-time golfer, who claimed that the sign had been in the same location for approximately 41 years. However, Mr. Gober did not attest that the sign's location was adverse or under a claim of right, both necessary elements required to establish a claim of prescriptive easement. *Pevear v. Hunt*, 924 S.W.2d 114, 116 (Tenn. Ct. App. 1996). Accordingly, we affirm the court's sua sponte summary dismissal of this issue when Plaintiff, who moved for summary judgment on this issue, had notice and a reasonable opportunity to respond to all issues considered. *Griffis v. Davidson Cty. Metro. Gov't,* 164 S.W.3d 267, 284 (Tenn. 2005).

## B.

A "prevailing party" may request discretionary costs pursuant to Rule 54.02(2) of the Tennessee Rules of Civil Procedure, which provides, in pertinent part,

Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees; travel expenses are not allowable discretionary costs.

The purpose of awarding discretionary costs is to help "make the prevailing party whole," not to punish the losing party. *Owens v. Owens,* 241 S.W.3d 478, 496-97 (Tenn.Ct.App.2007). When deciding whether to award discretionary costs under Rule 54.04(2), the trial court should:

1)      determine whether the party requesting the costs is the prevailing party,

2)      limit awards to the costs specifically identified in the rule,

3)      determine whether the requested costs are necessary and reasonable, and

4)      determine whether the prevailing party has engaged in conduct during the litigation that warrants depriving it of the discretionary costs to which it might otherwise be entitled.

*Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35-36 (Tenn. Ct. App. 2002) (citations omitted). The burden is on the movant to convince the trial court that it is entitled to discretionary costs. *Carpenter v. Klepper*, 205 S.W.3d 474, 490 (Tenn. Ct. App. 2006); however, as a general matter, courts should "award discretionary costs to a prevailing party if the costs are reasonable and necessary and if the prevailing party has filed a timely and properly supported motion." *Jefferson*, 104 S.W.3d at 35.

Plaintiff asks this court to reverse the award of discretionary costs because the costs accrued prior to the filing of the new easement, recorded on June 23, 2016. Plaintiff explains that Defendants should not recoup their costs prior to their attempted mitigation because the conveyance itself could have prevented litigation of some claims. Defendants respond that the record establishes their entitlement to discretionary costs, that the court did not abuse its discretion in awarding such costs, and that the timing of the grant of the new easement is irrelevant to the court's award of discretionary costs.

The record reflects that Defendants were the prevailing parties and that the costs claimed were costs specifically identified in the rule that were also necessary and reasonable. Further, neither prevailing party engaged in conduct that warranted deprivation of the award. While we acknowledge that the new easement was not recorded until after the commencement of litigation, a golf cart path was provided for Plaintiff's use prior to the filing of the complaint. In recognition of the court's discretion in such matters, we affirm the award of discretionary costs.

C.

Townhomes asserts that Plaintiff's appeal was frivolous and that it is entitled to damages in the form of attorney fees and costs for having to defend against the appeal. Tennessee Code Annotated section 27-1-122 provides for an award of damages, including attorney fees, when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). An appellate court's decision on this issue is discretionary, and this court is generally reluctant to award such damages because we do not want to discourage legitimate appeals. *Whalum v. Marshall*, 224 S .W.3d 169, 180-81 (Tenn. Ct. App. 2006). Exercising our discretion in such matters, we respectfully deny the request for attorney fees on appeal.

## V.     CONCLUSION

This judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Nashboro Golf Course, LLC.

_____
JOHN W. McCLARTY, JUDGE