IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2003 Session

## J.M. COX, JR., v. EAST TENNESSEE NATURAL GAS COMPANY

**Direct Appeal from the Chancery Court for Washington County**
**No. 34275     Hon. G. Richard Johnson, Judge**

**No. E2002-02946-COA-R3-CV**

In this declaratory judgment action to declare the rights between the dominant and servient estates relating to an easement, the Trial Court held that the landowner's proposal to add fill dirt over the pipeline easement did not unreasonably interfere with defendant's rights. Defendant has appealed. We reverse.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in D. MICHAEL SWINEY, J., and William H. Inman, Sr. J., joined.

Lela M. Hollabaugh and Eileen E. Burkhalter, Nashville, Tennessee, for Appellant.

Rich J. Bearfield and Jason W. Blackburn, Johnson City, Tennessee, for Appellee.

## OPINION

In this declaratory judgment action between the dominant and servient estate to determine their respective rights, the Trial Court held that the landowner's proposal to add fill dirt over the pipeline easement did not unreasonably interfere with defendant's rights. Defendant has appealed.

The facts are undisputed. In 1952, plaintiff's predecessors in title conveyed a 50-foot easement upon the subject property to the defendant. The provisions of the Right of Way Agreement

as pertinent to this appeal are as follows:

> [Grantors convey to grantee] a perpetual right of way and easement fifty (50) feet in width upon the property hereinafter described, for the purpose of laying, constructing, maintaining, operating, altering, replacing, inspecting, patrolling, servicing and repairing and removing pipe lines (not to exceed two in number) together with drips, valves, fittings and other devices appurtenant to and necessary to the proper construction and operation of such pipe lines for the transportation of oil, natural gas, petroleum products. . .
>
> . . .
>
> The Grantee shall have all other rights and benefits necessary or convenient for the full enjoyment or use of the rights herein granted, including, but without limiting the same to, the free right of ingress and egress over and across said lands to and from the right of way and easement.
>
> . . .
>
> The Grantor, his successors, heirs or assigns, reserve the right to fully use and enjoy the said premises except as the same may be necessary for the purposes herein granted; provided, however, that the Grantee shall have the right from time to time to cut and keep clear all trees, undergrowth and other obstructions on said right of way and easement that may injure, endanger or interfere with the use of said pipe line or pipe lines or fittings and appliances appurtenant to any of said lines.

Plaintiff purchased this property in 2000 and was aware that the property was encumbered by a gas pipeline before the purchase. The property abuts Boones Creek Road, near the interchange of Interstate 181. This area has been transformed in the last 20 years from primarily agricultural usage to a busy commercial area. As a result of this growth, the State of Tennessee moved and widened Boones Creek Road, and raised the elevation approximately 11 feet in the process. Plaintiff testified he knew about the State's plans to widen and move the road, but he did not know that the elevation would be raised. The construction changed what had been a very gentle slope between Boones Creek Road and plaintiff's property, to a very steep slope, leaving his land situated approximately 23 feet below the level of the road, and plaintiff wishes to place up to 23 feet of fill dirt over the easement.

Defendant currently operates one natural gas pipeline within the easement, with rights to install and operate up to two lines. The line is buried under 3-4 feet of cover. This dispute arose when defendant refused to allow the plaintiff to place more than four feet of fill dirt on the existing easement.

At the close of the proof, the Chancellor found that the character of the property had drastically changed since the easement had been conveyed, in a manner not anticipated by the predecessors in title; that plaintiff needed to fill the property to raise it level with the elevation of Boone's Creek Road, and that the property would be without value if it cannot be filled. He concluded that the proposed fill would not unreasonably interfere with the easement; but would unreasonably

interfere with the easement if it covered the valve located in the tract. In allowing the fill, the Chancellor held that the fill would be located a reasonable distance from the valve so as not to impede defendant's access to the valve.

The dispositive issue or question in this appeal is whether plaintiff's placing the proposed fill would unreasonably interfere with defendant's rights under its easement. Tennessee case law is clear that defendant's rights as the owner of the easement are paramount in the easement area to those of plaintiff as the landowner. *See Carroll v. Belcher*, No. 01A01-9802-CH-00106 (1999) (Tennessee Appeals, Lexis 89*), Tenn. Ct. App. February 9, 1999, no appeal filed. (*Citing,* Tenn. Juris, Easements § 6 (1994). Plaintiff cannot take actions that unreasonably interfere with defendant's rights under the easement, including any alterations in plaintiff's property. *Carroll*, 1999, Lexis 89, at **10-12.

With due deference to the Chancellor's conclusion, we hold that plaintiff's proposal to fill dirt over the easement up to 23 feet would constitute an unreasonable interference with defendant's rights as holder of the easement. The evidence establishes that the potential for increased excavation time and the necessity of bringing in additional equipment from a third party to make deeper excavations and the resulting time delay which the process would entail, demonstrate the resulting unreasonable interference with defendant's rights as the holder of the easement. *Accord, Mid-American Pipeline Co., v. Larid Enter, Inc.,* 942 F.2d 1519 (1o0th Cir. 1991); *Mississippi River Thermometer Corp., v. Wachter Const., Inc.*, 731 S.W.2d 445 (Mo. Ct. App. 1987).

For these reasons, we reverse the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the appellant, J.M. Cox, Jr.

---

HERSCHEL PICKENS FRANKS, J.